UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COREY MENARD                                            CIVIL ACTION

VERSUS                                                      NO. 16-498

LLOG EXPLORATION COMPANY, LLC,              SECTION "R" (3)
ET AL.

**<u>ORDER AND REASONS</u>**

Defendants LLOG Exploration Company, LLC; LLOG Exploration Offshore, LLC; and LLOG Exploration & Production Company, LLC (collectively, "the LLOG defendants") move for entry of final judgment pursuant to rule 54(b) of the Federal Rules of Civil Procedure.[1]  For the following reasons, the motion is denied.

I.    **BACKGROUND**

Plaintiff Corey Menard was injured when he went via a personnel basket transfer from the vessel M/V ARABIAN to LLOG's Delta House Floating Production System.[2]  The Delta House is a semi-submersible oil-

_____

[1]    R. Doc. 65.
[2]    R. Doc. 62 at 1-2.  For a more thorough review of the facts and history of this case, *see id.* at 1-3.

exploration platform in the Mississippi Canyon.[3]  On January 20, 2016, Menard sued Grand Isle Shipyard, Gibson Applied Technology, and the LLOG defendants, alleging that their negligence caused his injuries.[4] Plaintiff amended his complaint on June 28, 2016, adding Adriatic Marine, LLC, the owner and operator of the M/V ARABIAN, and Wood Group Production Services, Inc., the entity responsible for operations on the Delta House, as defendants.[5]

On April 10, 2017, the Court granted the LLOG defendants' motion for summary judgment on all of Menard's claims against them.[6]  In doing so, the Court found that there was no evidence of any negligence directly attributable to the LLOG defendants, and as a matter of law the LLOG defendants were not liable for any negligent acts allegedly taken by Wood Group or Adriatic Marine.[7]

Pursuant to Rule 54(b), the LLOG defendants now move for final judgment as to Menard's claims against them.  The motion is unopposed.

---

[3]     *Id.*
[4]     R. Doc. 1 at 5-7 ¶¶ 14-16.
[5]     R. Doc. 26 at 3-4.
[6]     R. Doc. 62.
[7]     *Id.* at 11-15.

## II.   DISCUSSION

Rule 54(b) provides, in pertinent part:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b).  The Fifth Circuit has noted that "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus., Inc. v. Harrison Cty Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996).  It explained that Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice: "A district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *Id.* (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985)).

The threshold inquiry for the Court is whether "there is no just reason for delay," a determination that is within the sound discretion of the district court. *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992).  In making this determination, the district court has a duty to weigh "the inconvenience

and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).   A major factor the district court should consider is whether the appellate court "'would have to decide the same issues more than once even if there were subsequent appeals.'"   *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

After weighing the appropriate factors, the Court finds that certification is inappropriate in this case.   The LLOG defendants fail to convince the Court that "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."   *PYCA Indus.,* 81 F.3d at 1421 (holding that the district court abused its discretion by certifying an appeal without a finding of hardship).   The LLOG defendants argue that there may be a significant delay in the ultimate resolution of this matter because plaintiff may need surgery, in which case he will move for a continuance of the trial.[8]   This delay, according to the LLOG defendants, will cause them to incur "unnecessary delay and expense to monitor the

---

[8]      R. Doc. 65-1 at 5.

4

continuing litigation."[9]  This "hardship" is present in every case in which claims are dismissed against some defendants but not others, and does not indicate that this is the sort of "infrequent hard case" that Rule 54(b) was designed to address.  *See Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984); *Tow v. Bulmahn*, No. 15-3141, 2016 WL 3554720, at *2 (E.D. La. June 30, 2016).

Further, that this motion is unopposed does not alter the Court's conclusion.  The Fifth Circuit requires a searching inquiry into the grounds for 54(b) motions and has dismissed appeals when a district court abuses its discretion by summarily certifying a claim.  *See, e.g.*, *PYCA Indus.*, 81 F.3d at 1421; *see also Peace Lake Towers, Inc. v. Indian Harbor Ins. Co.*, No. 06-4522, 2007 WL 1166058, at *1-2 (E.D. La. Apr. 18, 2007) (denying unopposed Rule 54(b) motion).

---

[9]     *Id.* at 6.

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES the motion for entry of final judgment pursuant to Rule 54(b).


New Orleans, Louisiana, this __21st__ day of April, 2017.


_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE