UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COREY MENARD | CIVIL ACTION NO. 2:16-CV-00498 |
| | SECTION "R" |
| VERSUS | |
| | MAGISTRATE 3 |
| GRAND ISLE SHIPYARD, INC., LLOG EXPLORATION COMPANY, LLC, LLOG EXPLORATION OFFSHORE, LLC, LLOG EXPLORATION & PRODUCTION COMPANY, LLC AND GIBSON APPLIED TECHNOLOGY AND ENGINEERING, INC. | JUDGE SARAH VANCE  MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

**WOOD GROUP PSN, INC. ANSWER TO PLAINTIFF COREY MENARD SECOND AMENDED AND SUPPLEMENTAL COMPLAINT**

NOW COMES defendant, Wood Group PSN, Inc. (incorrectly named additionally as Wood Group Production Services Inc. and hereafter sometimes referred to as "Wood Group"), and, for answer to the Second Amended and Supplemental Complaint (Rec. Doc. 74) of plaintiff, Corey Menard, avers as follows:

**FIRST DEFENSE**

The Second Amended and Supplemental Complaint fails to state a claim or cause of action against Wood Group upon which relief can be granted.

**SECOND DEFENSE**

In answer to the specific allegations of the Second Amended and Supplemental Complaint, Wood Group avers as follows:

1.

Wood Group avers that Section I of the First Supplemental and Amended Complaint states a legal conclusion that requires no answer, but to the extent an answer is required, Wood Group denies that plaintiff may amend the caption of this case.

2.

Wood Group PSN, Inc. admits that it is a corporation doing business within the State of Louisiana and the jurisdiction of this Court and that it is the successor in name and interest to Wood Group Production Services, Inc.  Wood Group denies all remaining allegations in amended Paragraph 3 for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

3.

Wood Group admits that ACE American Insurance Company issued a policy of liability insurance to Wood Group.  Wood Group denies all remaining allegations in amended Paragraph 7c.

4.

In response to Section IV of the Second Amended and Supplemental Complaint Wood Group reavers and incorporates herein by reference its responses and defenses to the allegations contained in Plaintiff's original Complaint and First Amended and Supplemental Complaint.

5.

Wood Group denies all remaining allegations in the Second Amended and Supplemental Complaint including all allegations contained in all unnumbered or misnumbered paragraphs of the Complaint.

### THIRD DEFENSE

Wood Group avers that the plaintiff's injuries, if any, were caused by his own negligence, fault, and/or assumption of risk, which are pleaded in bar or diminution of the claim.

### FOURTH DEFENSE

Alternatively, Wood Group avers that there was no negligence or fault on its part, and that plaintiff's injuries, if any, if not caused by his own negligence and fault, were caused by the negligence and fault of others for whom Wood Group is not legally responsible.

### FIFTH DEFENSE

In the further alternative, Wood Group avers that plaintiff's injuries, if any, were the result of an unavoidable accident.

### SIXTH DEFENSE

In the further alternative, Wood Group avers that plaintiff's injuries, if any, were the result of prior accidents or injuries or preexisting conditions for which Wood Group is not responsible.

### SEVENTH DEFENSE

The plaintiff has failed to mitigate his damages.

### EIGHTH DEFENSE

To the extent that Wood Group is found liable to plaintiff for any damages, Wood Group may be entitled to indemnity or contribution from other parties and/or entities.

### NINTH DEFENSE

At all pertinent times, Wood Group and plaintiff's employer, Gly-Tech Services, were independent contractors working on the LLOG facility. Wood Group had no contractual relationship with and exercised no operational control over employees of Gly-Tech Services. As such, Wood Group had no duty to discover and remedy hazards encountered by Gly-Tech

Services employees and no duty to protect plaintiff against risks encountered during the performance of his work for Gly-Tech Services.

**TENTH DEFENSE**

Wood Group avers that plaintiff cannot satisfy the elements of the Louisiana Direct Action Statute.  The ACE American Insurance Company policy was neither issued nor delivered in Louisiana, and the alleged incident did not occur in Louisiana.

**ELEVENTH DEFENSE**

Wood Group reserves the right to assert additional affirmative defenses as those defenses become known through the course of discovery and further reserves the right to adopt the affirmative defenses raised by all other defendants.

WHEREFORE, Wood Group PSN, Inc. prays that this answer be deemed good and sufficient and that after due proceedings had, the Complaint, First Amended and Supplemental Complaint, and Second Amended and Supplemental Complaint be dismissed, with prejudice, at plaintiff's cost.

-5-

      Respectfully submitted,

      */s/ Devin C. Reid*
      David W. Leefe, T.A. (Bar #1479)
      Devin C. Reid (Bar #32645)
      LISKOW & LEWIS
      701 Poydras Street, Suite 5000
      New Orleans, LA  70139-5099
      Telephone:  (504) 581-7979
      Facsimile:  (504) 556-4108
      dwleefe@liskow.com
      dcreid@liskow.com

      ***Attorneys for Wood Group PSN, Inc.***

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served on all counsel of record via facsimile, email transmission, or by placing a copy of same in the United States mail, postage prepaid and properly addressed, this 21st day of July, 2017.

      */s/ Devin C. Reid*