UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COREY MENARD | CIVIL ACTION |
| VERSUS | NO. 16-498 |
| GIBSON APPLIED TECHNOLOGY AND ENGINEERING, INC., ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Defendant ACE American Insurance Company moves for summary judgment.[1]  For the following reasons, the motion is granted.

## I.    BACKGROUND

Plaintiff Corey Menard was a senior field technician employed by Gly-Tech Services.[2]  In early 2015, he was assigned to work offshore on the Delta House Floating Production System, a semi-submersible oil-exploration platform in the Mississippi Canyon operated by Wood Group PSN, Inc. (Wood Group).[3]  On January 22, 2015, plaintiff was allegedly injured during a personnel basket transfer from the M/V ARABIAN, a support vessel

---

[1]     R. Doc. 65.
[2]     R. Doc. 1 at 3 ¶ 8.
[3]     *Id.*; R. Doc. 26 at 3-4.

adjacent to the Delta House.[4]   According to plaintiff, the extremely rough

seas caused the personnel basket to abruptly thrust upward and slam

plaintiff, severely injuring his lower back.[5]

On January 20, 2016, plaintiff sued Grand Isle Shipyard, Inc., Gibson

Applied Technology and Engineering, Inc., LLOG Exploration Company,

LLC, LLOG Exploration Offshore, LLC, and LLOG Exploration & Production

Company, LLC, alleging that their negligence caused his injury.[6]   Plaintiff

amended his complaint on June 28, 2016, adding Adriatic Marine, LLC and

Wood Group as defendants.[7]   Plaintiff again amended his complaint on July

5, 2017, adding ACE American Insurance Company (Ace American), which

insured Wood Group, as a defendant.[8]   ACE American now moves for

summary judgment.[9]

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there

is no genuine dispute as to any material fact and the movant is entitled to

---

[4]      R. Doc. 1 at 4 ¶ 11.
[5]      *Id.*
[6]      *Id.* at 5-7 ¶¶ 14-16.
[7]      R. Doc. 26 at 3-4.
[8]      R. Doc. 74 at 3.
[9]      R. Doc. 85.

judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a

genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

ACE American argues that it is entitled summary judgment because plaintiff may not maintain a direct action against it as Wood Group's

insurer.[10]  Louisiana law gives an injured person the right to proceed directly against the tortfeasor's insurer.  *See* La. R.S. § 22:1269.  But this right of direct action exists only if the policy was "written or delivered in the state of Louisiana," or "the accident or injury occurred within the state of Louisiana." *Id.* § 22:1269(B)(2); *see also Grubbs v. Gulf Int'l Marine, Inc.*, 13 F.3d 168, 170 (5th Cir. 1994).

ACE American asserts, and plaintiff does not dispute, that the policy was issued in a state other than Louisiana; that the policy was delivered to Wood Group in Texas; and that the accident occurred on the Outer Continental Shelf in the Gulf of Mexico, outside the state of Louisiana.[11] Louisiana's direct action statute, therefore, does not give plaintiff a right of action against ACE American.  *See Signal Oil & Gas Co. v. Barge W-701*, 654 F.2d 1164, 1175 (5th Cir. Unit A Sept., 1981) (holding that direct action statute did not apply where policy was written and delivered out of state, and "accident occurred in the Gulf of Mexico, well beyond the boundaries of the state"); *Joyner v. Ensco Offshore Co.*, No. 99-3754, 2001 WL 333114, at *2-3 (E.D. La. Apr. 5, 2001) (holding that causes of action arising on the Outer

---

[10]     R. Doc. 85-3 at 4.
[11]     R. Doc. 85-2; R. Doc. 85-5 at 2.

Continental Shelf do not meet the situs requirement of Louisiana's direct action statute).

Plaintiff argues that, notwithstanding the inapplicability of the direct action statute, the policy itself permits direct actions.[12]  Plaintiff points to endorsement number 94 of the policy, entitled "Louisiana Changes—Legal Action Against Us."[13]  The endorsement states: "A person or organization may bring a 'suit' against us including, but not limited to, a 'suit' to recover on an agreed settlement or on a final judgment against an insured . . . ."[14] This endorsement modifies the policy's no-action clause, which permits a direct action against ACE American only when there is an agreed settlement or final judgment against the insured.[15]  According to plaintiff, this Louisiana-specific endorsement expands the right of action described in Louisiana's direct action statute, which states that "[n]othing contained in this Section shall be construed to affect the provisions of the policy or contract if such provisions are not in violation of the laws of this state."  La. R.S. § 22:1269(B)(2).  Plaintiff further argues that if this endorsement is ambiguous, it should be construed against the drafter—ACE American.[16]

---

[12]    R. Doc. 88 at 6.
[13]    R. Doc. 88-2 at 10.
[14]    *Id.*
[15]    *Id.* at 9.
[16]    R. Doc. 88 at 7.

As an initial matter, both parties assume that Louisiana law applies to the endorsement. This choice of law accords with the Restatement approach, which suggests that state-specific endorsements in multiple risk policies be construed under the law of that state. Restatement (Second) of Conflict of Laws § 193 cmt. f (Am. Law. Inst. 1971).

ACE American argues that under Louisiana law, the endorsement does not suffice to make plaintiff a third party beneficiary of the policy. ACE American cites the Louisiana Supreme Court's decision in *Esteve v. Allstate Insurance Co.*, 351 So. 2d 117 (La. 1977). In *Esteve,* as in this case, the plaintiff asserted a right of direct action against the tortfeasor's insurer based on both Louisiana's direct action statute and a stipulation pour autrui in the insurance policy. *Id.* at 120-21. The court first held that the statute did not apply to plaintiff's claims. *Id.* at 120. The court then noted that Louisiana law permits a contracting party to stipulate a benefit for a third party, *see* La. Civ. Code art. 1978, but held that the specific provisions of the direct action statute prevail over the generic third party beneficiary statute. *Esteve*, 351 So. 2d at 121. Under Louisiana law, therefore, *Esteve* is directly on point and forecloses plaintiff's contractual argument.

Even under general principles of contract interpretation, plaintiff's argument fails. Third parties have enforceable rights under a contract only

in limited circumstances. *See* Restatement (Second) of Contracts §§ 302, 304 (Am. Law Inst. 1981). As relevant here, the parties to the contract—Wood Group and ACE American—must intend to give a benefit to third parties in plaintiff's position. *See id.* § 302. "In determining whether a third party can enforce a contract," according to the Texas Supreme Court, "the intention of the contracting parties is controlling." *MCI Telecomms. Corp. v. Texas Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999). Moreover, "[t]he intention to contract or confer a direct benefit to a third party must be clearly and fully spelled out." *Id.*

Here, the endorsement does not evidence an intent to give a benefit to individuals who are injured by the insured outside the state of Louisiana. The endorsement purports to be a Louisiana-specific change, and seems intended to incorporate Louisiana's direct action statute. *See Tomars v. United Fin. Cas. Co.*, No. 12-2162, 2015 WL 3772024, at *3 (D. Minn. June 17, 2015) (noting that commercial general liability policy covering a fleet of vehicles across the country may "include a series of state-specific endorsements conforming its coverages to the requirements imposed by the insurance laws of the states in which particular vehicles are located"). Indeed, the endorsement is a form endorsement drafted by the Insurance Services Office, or ISO. The form name and number, Louisiana Changes—

Legal Action Against Us and CG 01 18 12 04, indicate that the endorsement must be attached to all commercial general liability policies covering risk in Louisiana. *See* 3 Jeffrey E. Thomas, *New Appleman on Insurance Law Library Edition* § 21.02(5)(c) (2017) (noting that endorsements featuring "01" as the first set of numbers in the form number "must be attached to all CGL policies that cover any risk in the state"). Thus, the Court construes the endorsement as merely embodying Louisiana's direct action statute, rather than expanding its scope to the benefit of individuals like Menard who are injured outside the state.

Because plaintiff has neither a statutory nor a contractual right of direct action against ACE American, ACE American is entitled summary judgment.

## IV. CONCLUSION

For the foregoing reasons, ACE American's motion for summary judgment is GRANTED.

New Orleans, Louisiana, this __27th__ day of December, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE